UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. & EAST COAST PLASTIC SURGERY, P.C.,

                          Plaintiffs,

          -v-

AETNA LIFE INSURANCE COMPANY,

                          Defendant.

23-cv-8509 (SHS) (OTW)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiffs have filed an objection pursuant to Federal Rule of Civil Procedure 72(a) to Magistrate Judge Ona Wang's April 7, 2025 Order denying plaintiffs' motion for leave to file a second amended complaint. (ECF No. 60.) For the reasons set forth in the Court's Opinion in a nearly identical case, *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Co.*, No. 23-cv-6206, ECF No. 61 (S.D.N.Y. Aug. 5, 2025) (the "August 5 Opinion"), as well as the reasons set forth below, plaintiffs' objection is denied.

**I.   DISCUSSION**

    The Court assumes familiarity with the facts and reasoning in the August 5 Opinion and will address in this order the only two aspects of the proposed second amended complaint in this action that are unique for the purposes of analyzing the futility of the proposed amendment: (1) the alleged communications between the parties underlying plaintiffs' breach-of-contract claim and (2) plaintiffs' conversion claim. The Court's analysis regarding the unjust enrichment, promissory estoppel, and fraudulent inducement claims in the August 5 Opinion (pp. 3–6) explains why the proposed second amended complaint fails to state those claims in this action.

    <u>The Communications Between the Parties</u>

    *First*, further amendment would be futile in this action because the communications between the parties alleged in the proposed second amended complaint are insufficiently precise to state a claim for breach of contract.

    The most specific allegation in the proposed second amended complaint regarding Aetna's purported offer is that "[o]n January 4, 2021, using industry standard terms and conditions, Aetna orally represented to [plaintiffs] that the price it would be [*sic*] pay for [the patient's] Reduction Mammaplasty and Panniculectomy by out-of-network

providers would be the '80th percentile of Reasonable and Customary' fee schedule." (ECF No. 45-1, Proposed Second Amended Complaint ("PSAC") ¶ 81; *see also id.* ¶ 14.) The proposed second amended complaint includes no additional details regarding that January 4, 2021 call and instead includes only the conclusory allegations that "Aetna knew [plaintiffs] had contemplated Reduction Mammaplasty and Panniculectomy for [the patient], knew that Reduction Mammaplasty and Panniculectomy was indicted [*sic*] for [the patient], knew which facility the Providers intended on rendering Reduction Mammaplasty and Panniculectomy, and when its offer to cover the surgery expired." (*Id.* ¶ 51.)

Although the proposed second amended complaint alleges a handful of other communications between the parties, it still fails to state a breach-of-contract claim. The proposed second amended complaint alleges, "On March 2, 2021, Aetna orally informed [plaintiffs] that Aetna would cover the Reduction Mammaplasty as an [out-of-network] service, but would not cover the Panniculectomy." (*Id.* ¶ 85.) It goes on to allege that plaintiffs' employee "called the peer-to-peer line" regarding the denied Panniculectomy on March 3, 2021; that on March 4, 2021, a "Dr. Olin stated that the patient did not meet the medical necessity criteria for Panniculectomy and would need to appeal"; that an appeal from the denial of the Panniculectomy was submitted for review on March 10, 2021; and that "[o]n or about March 29, 2021, an Aetna employee informed [plaintiffs] the appeal . . . was overturned and that Aetna would cover [the] Panniculectomy as an [out-of-network] service . . . so long as the two surgeries were performed before November 12, 2021." (*Id.* ¶¶ 86–90.) It also alleges that an employee of plaintiffs spoke to an Aetna employee about updating the details of the authorization for the surgeries the day before plaintiffs performed the surgeries. (*Id.* ¶¶ 91–92.)

These communications, taken either separately or as a whole, do not constitute an "offer" by Aetna that plaintiffs could accept to form a contract. The "lack of definiteness" in the allegations regarding these communications "eliminates any uncertainty as to what a reasonable factfinder would conclude about whether [these conversations] created an actionable offer by Aetna." *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23-8083, 2024 WL 4315128, at *3 (2d Cir. Sep. 27, 2024). "Absent an offer, there can be no contract between [plaintiffs] and Aetna." *Id.* The proposed second amended complaint therefore fails to state a claim for breach of contract.

The Conversion Claim

*Second*, further amendment in this action would be futile because the proposed second amended complaint fails to state a claim for conversion.

The proposed second amended complaint alleges that plaintiffs "had the right to receive [their] payment from Aetna" and therefore "had a property interest in the payment for the services they rendered." (PSAC ¶¶ 113–14.) It further alleges that

Aetna "is currently exercising dominion and control over" the unpaid amount. (*Id.* ¶ 116.) The Court interprets these allegations to be an attempt to plead a conversion claim, as did Judge Jennifer Rochon in addressing an identical issue in *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Co.*, No. 22-cv-7900, 2025 WL 1603919, at *7 (S.D.N.Y. June 6, 2025).

The elements of a conversion claim in New York are "(1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *Grgurev v. Licul*, 229 F. Supp. 3d 267, 285 (S.D.N.Y. 2017) (quoting *St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 178 (E.DN.Y. 2010)). "However, a claim for conversion cannot be sustained where the underlying facts are not sufficiently distinguishable from a breach of contract claim." *Advanced Oxygen Therapy Inc. v. Orthoserve Inc.*, 572 F. Supp. 3d 26, 38 (S.D.N.Y. 2021). Instead, a "plaintiff must show 'acts that were unlawful or wrongful as opposed to mere violations of contractual rights'" in order for a conversion claim to lie. *Id.* (quoting *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004)).

The proposed second amended complaint's conversion claim is entirely premised on plaintiffs' alleged "right to receive [their] payment from Aetna." (PSAC ¶ 113.) This theory is indistinguishable from the allegations underlying plaintiffs' attempted claim for breach of contract. The proposed second amended complaint therefore fails to state a claim for conversion.

## II. CONCLUSION

As set forth above as well as in the Court's August 5 Opinion in *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Co.*, No. 23-cv-6206, Judge Wang's April 7 Order denying plaintiffs' motion for leave to amend was well grounded in the law. Its reasoning and conclusions were neither clearly erroneous nor contrary to law. Accordingly, plaintiffs' objection to the April 7 Order is denied and the April 7 Order is affirmed.

Dated: New York, New York
       August 6, 2025

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.